IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-812-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>VARIOUS AMOUNTS OF U.S. CURRENCY<br>TOTALING $15,6446.10 SEIZED FROM<br>WITHIN SUNNY FOOD MART,<br>Defendants. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on Yahia Zabarah's motion to dismiss and response to the government's motion for entry of default. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions allow a party to "contest the forfeiture by filing a claim where the action is pending." Rule G(5)(a)(i). To comply with Rule G, the claim must identify the specific property claimed, identify the claimant's interest in the property, and be signed by the claimant under penalty of perjury. Rule G(5)(a)(i). A claimant must also "serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Rule G(5)(b).

Zabarah's letter does not comply with Rule G and, therefore, does not constitute a claim. Because Zabarah has not filed a claim to the defendant currency, he lacks standing to contest the entry of default and default judgment. *See, e.g., United States v. Various Vehicles, Funds, and Real Properties*, No. 2:11-1528-DCN-SVH (D.S.C. Oct. 25, 2011), 2011 WL 6012424. Accordingly, his motion [DE 12] is DENIED.

In the interest of justice, however, Zabarah is given 21 days from the date of this order to file a claim. He is further put on notice that he will have 21 days from the date the claim is filed to file an answer or motion under Rule 12.

SO ORDERED, this the 29 day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE